IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CIVIL NO. 11-00298 LEK-RLP |
| | ) | (Appeal from Order and |
| WAIEHU AINA, LLC, | ) | Judgment of Bankruptcy Court) |
| | ) | |
| Debtor. | ) | Bk. No. 10-01188 |
| _____ | ) | (Chapter 7) |
| DANE S. FIELD, CHAPTER 7 | ) | |
| TRUSTEE for WAIEHU AINA, LLC, | ) | Adversary Proceeding No. 11- |
| | ) | 00003 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT K. ARMITAGE, SR.; | ) | |
| CHARMINE ARMITAGE; ROBERT K. | ) | |
| ARMITAGE, JR.; NAMI KEKAUALUA | ) | |
| ARMITAGE; HAYLEEANA ARMITAGE; | ) | |
| HILEYSOHN ARMITAGE; HAVEN | ) | |
| ARMITAGE; REANNON ARMITAGE; | ) | |
| WAYNE K. ARMITAGE; DENISE | ) | |
| ARMITAGE; RICKIE KA'AHA'AINA; | ) | |
| STEVEN HEIME; ZACHARY KANOA; | ) | |
| VALERIE SAROL; DOE DEFENDANTS | ) | |
| 1-999, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL</u>**

Before the Court is Appellee Dane S. Field, Chapter 7
Trustee for Waiehu Aina, LLC's ("Trustee" or "Appellee") Motion
to Dismiss Appeal for Lack of Appellate Jurisdiction ("Motion"),
filed on May 13, 2011.  This matter came on for hearing on
August 29, 2011.  Appearing on behalf of Appellee was
Neil Verbrugge, Esq.  Pro se Appellants Robert K. Armitage and
Robert Iiams ("Appellants") did not appear at the hearing.  After

careful consideration of the Motion, the parties' filings and the arguments of counsel, the Trustee's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

## I. Bankruptcy Proceeding

The Trustee moves pursuant to Fed. R. Bankr. P. 8002 for an order dismissing the present appeal from the United States Bankruptcy Court for the District of Hawai'i ("Bankruptcy Court"). The debtor in the underlying Chapter 7 matter, Waiehu Aina, LLC ("Debtor"), owns real property in Waiehu, Maui, Hawai'i, comprised of 277 acres of unimproved land ("the Property"). The Trustee is the duly appointed Chapter 7 trustee for Debtor, charged with administering and liquidating the Debtor's assets for the benefit of creditors. Various unauthorized persons, including Appellants, occupied portions of the Property without the permission of the Debtor or the Trustee. [Mem. in Supp. of Motion at 4.]

On January 10, 2011, the Trustee initiated adversary proceeding no. 11-90003 seeking turnover of the Debtor's property, and filed a Motion for Summary Judgment on January 11, 2011. On March 16, 2011, the Bankruptcy Court entered: (1) an Order Granting Summary Judgment against Appellants ("Order"); (2) Judgment on the Order; and (3) a Writ of Possession. [Id. at 5-6.]

On March 23, 2011, bankruptcy defendant Charmaine
Armitage filed to Motion to Reconsider the Order, Judgment, and
Writ of Possession ("Motion to Reconsider").  On April 5, 2011,
the Bankruptcy Court entered an order denying Motion to
Reconsider.  [Id. at 6.]

On May 2, 2011, Mr. Armitage and "Interested Party,"
Robert Iiams,[1] filed a "Notice of Appeal and Request to Vacate
Bankruptcy Orders of a Writ Possession and a Motion for Summary
Judgment Based Upon Fraud in Fact After Case Was Closed" ("Notice
of Appeal").  [Id. at 6-7.]

## II.  **The Trustee's Motion**

In the instant Motion, the Trustee seeks dismissal of
the appeal as untimely.  The Trustee argues that, pursuant to
Fed. R. Bankr. P. 8002, the deadline for filing a notice of
appeal is fourteen days after the entry of the order or judgment
appealed from.  In this case, the deadline was fourteen days
after the Bankruptcy Court entered the Order Denying the Motion
to Reconsider on April 5, 2011.  Accordingly, Appellants should
have filed their Notice of Appeal by April 19, 2011, but did not
do so until May 2, 2011.  The Notice of Appeal is untimely, and

---

[1] The Trustee reserves its objections to Mr. Armitage and
Mr. Iiams' Notice of Appeal in which they purport to represent
the remaining bankruptcy defendants, because neither are licensed
attorneys.  Further, the Trustee reserves its objections to Mr.
Iiams' participation in the appeal, as he does not appear to be a
party to the case.  [Mem. in Supp. of Motion at 4-5 n.1.]

the Trustee argues the appeal must be dismissed for lack of appellate jurisdiction.  [Id. at 8-9.]

## II.  Appellants' Withdrawal of Appeal and Non-Opposition

Appellants did not file an opposition to the Motion. Instead, on June 17, 2011, Appellants filed with the Bankruptcy Court a document entitled "Respondent's Withdrawal of Appeals and Motion Based on Court's Inability to Lawfully Hear Case or Grant an Appeal Without First Establishing in Rem Jurisdiction or Existence of a Contract with the Real Parties in Interest" ("Withdrawal").  [Dkt. no. 10.]  Although largely unintelligible, the Withdrawal appears to state that the Bankruptcy Court does not have jurisdiction over the Property, and "[w]hereas said Court under jurisdictional challenge in the immediate matter is unable to prove jurisdiction, it therefore lacks authority to act, recommend or submit a case to appeal and exists on record as a Court of 'incompetent jurisdiction'."  [Withdrawal at 3 (emphasis in original).]

Appellants then state:

Because of said Court's failure at law to respond in writing and prove its jurisdiction, et al., Court therefore lacks jurisdiction and Defendants (Respondents) therefore withdraw ONLY the Appeal request from their initial filing of May 2, 2011; and a second request for direct appeal dated May 25, 2011. . . .  Defendants do not withdraw the evidence of Fraud in Fact in the EXHIBIT presented into evidence in the May 02, 2011 filing. . . .

[Id. (emphasis in original).]

4

Appellants, however, also indicate that they "do not withdraw their May 02, 2011 filed 'REQUEST TO VACATE BANKRUPTCY ORDERS OR A WRIT OF POSSESSION AND A MOTION FOR SUMMARY JUDGMENT', because said Court's Orders were executed without jurisdiction being possessed by said Court. . . ." [Id. at 4 (emphasis in original).] Finally, to further confuse matters, Appellants state that "**this case is terminated for want of in rem and in personam jurisdiction**." [Id. at 7 (emphasis in original).] The Court is not clear whether Appellants intended to withdraw the instant appeal, or to otherwise terminate the underlying adversary proceeding, or some combination of both. In any event, the Court will address the merits of the Trustee's Motion, which Appellants did not oppose.

## DISCUSSION

A party to a bankruptcy action must timely file a notice of appeal after entry of the order being appealed. See Fed. R. Bankr. P. 8002(a). "[T]he failure to timely file a notice of appeal is a jurisdictional defect barring appellate review." In re Wiersma, 483 F.3d 933, 938 (9th Cir. 2007) (citation and quotation marks omitted); see also In re Mouradick, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").

5

Under Fed. R. Bankr. P. 8002, relating to the time for filing a notice of appeal,

(a) Fourteen-day period
The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from.  If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.  A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof.  If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

(b) Effect of motion on time for appeal
If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:
        (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
        (2) to alter or amend the judgment under Rule 9023;
        (3) for a new trial under Rule 9023; or
        (4) for relief under Rule 9024 if the motion is filed no later than 14 days after the entry of judgment.  A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion

> outstanding. Appellate review of an order
> disposing of any of the above motions
> requires the party, in compliance with Rule
> 8001, to amend a previously filed notice of
> appeal.  A party intending to challenge an
> alteration or amendment of the judgment,
> order, or decree shall file a notice, or an
> amended notice, of appeal within the time
> prescribed by this Rule 8002 measured from
> the entry of the order disposing of the last
> such motion outstanding.  No additional fees
> will be required for filing an amended
> notice.

Under subsection (b) above, the deadline for Appellants to file their Notice of Appeal was fourteen days after the entry of the order disposing of the Motion to Reconsider.  Fourteen days from April 5, 2011 was April 19, 2011.  Appellants, however, did not file their Notice of Appeal until May 2, 2011, outside of the fourteen day period.  Because the failure to timely file a notice of appeal is a jurisdictional defect barring appellate review, the Court FINDS that it is without appellate jurisdiction to hear the instant appeal.  The Court therefore GRANTS the Trustee's Motion.

## CONCLUSION

On the basis of the foregoing, Appellee Dane S. Field, Chapter 7 Trustee for Waiehu Aina, LLC's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction, filed on May 13, 2011, is HEREBY GRANTED.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 20, 2011.



         /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**IN RE WAIEHU AINA, LLC, DANE FIELD, CHAPTER 7 TRUSTEE FOR WAIEHU AINA, LLC. V. ROBERT ARMITAGE, SR., ET AL; CIVIL NO. 11-00298 LEK-RLP; ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL**